UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEBBIE HORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3181 |
| | ) | |
| GREAT RIVERS RECOVERY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff filed this case pro se when she was incarcerated in Lincoln Correctional Center.  She has since been released on parole.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be

1

granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

The events occurred while Plaintiff was staying at the Great Rivers Recovery Resources in Quincy, Illinois, on unspecified dates.  According to its website, the recovery center provides inpatient services for substance abuse and other behavioral health issues.  www.recoveryres.org (last visited 8/21/12).  Plaintiff's parole agent had arranged for Plaintiff to parole to this facility, which met Plaintiff's parole requirement that she be placed with persons able to deal with mental disorders.

At the recovery center, Plaintiff roomed with another resident who got on Plaintiff's nerves.  Specifically, the resident followed Plaintiff

around and acted like a princess.  Plaintiff complained to her counselor, Defendant Debbie Loos, because Plaintiff felt that this resident's behavior was jeopardizing Plaintiff's recovery.  The counselor did not take action, even though the counselor knew that Plaintiff "needed specail [sic] attention" due to Plaintiff's 25 years of drug abuse.

Plaintiff then decided to confront the resident herself.  Plaintiff told the resident how the resident made Plaintiff feel.  Plaintiff also told the resident that the "old Plaintiff" could have hit the resident and messed the resident's entire life up in three seconds, but that the "new Plaintiff" was trying to handle these kinds of situations more positively.  A counselor separated the two for a cooling off period, and eventually both agreed that everything was alright between them.  However, that night Counselor Loos moved Plaintiff downstairs to detox and had Plaintiff take written mental tests.  The next day Plaintiff was falsely told that she was being transferred to a different rehabilitation center.  Instead, Plaintiff was "kicked out" of the recovery center and transferred back to prison.  She filed this case from prison on July 10, 2012 and was released

from prison a few days later.

Plaintiff believes that she was wrongly dismissed from the recovery center and wrongly sent back to prison. She also believes that the Health Insurance Portability and Accountability Act was violated, but she does not explain how. She sues the recovery center and two counselors at the center.

## ANALYSIS

The Court sees no plausible federal claim from these allegations. Putting aside whether the counselors can be considered government actors, Plaintiff essentially admits that she confronted her roommate in a hostile manner. The counselors did not break any federal law for deciding to dismiss Plaintiff from the program. No allegations suggest that the counselors' decision was based on any impermissible considerations. The Court understands that Plaintiff feels the action was unfair , but that alone does not amount to a violation of federal law. As for the HIPAA claim, no private right of action exists to enforce HIPAA. *See* Doe v. Bd. Trustees Univ. Ill., 429 F.Supp.2d 930, 944

(N.D.Ill.2006) ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action.")(collecting cases).

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) The hearing scheduled for August 27, 2012 is cancelled as unnecessary. The clerk is directed to phone Plaintiff and inform her of the cancellation.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though her case has been dismissed, and release from incarceration does not relieve her of that obligation. Plaintiff's petition to proceed in

forma pauperis is granted (d/e 1), to the extent she requests to make that payment in installments.

4) If Plaintiff wishes to appeal this dismissal, she must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: August 24, 2012

FOR THE COURT:

                                                                          s/Sue E. Myerscough
                                               SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE